UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BOBBIE RAY EDWARDS,<br><br>Defendant. | Criminal No. 4:11cr55-10 |

## ORDER

Pending before the Court are a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion") (ECF Nos. 1709, 1710) and a Letter Motion for Hearing Transcript (the "Transcript Motion") (ECF No. 1723) filed *pro se* by Petitioner Bobbie Ray Edwards ("Mr. Edwards"). For the following reasons, the Motion (ECF No. 1710) is **DENIED**, and the Transcript Motion (ECF No. 1723) is **DENIED.**

### I. BACKGROUND

A. Facts

Between January or February 2003 to August 9, 2011, Defendant Bobbie Ray Edwards served as a mid-level heroin distributor who purchased and sold drugs. PSR ¶¶ 44–53, 59, ECF 1730. He employed other individuals, sometimes by force, to traffic his drugs and often threatened other drug distributors whom he viewed as competitors. *Id.* ¶ 59. The offense conduct with respect to Mr. Edwards includes the following drug purchases and sales:

- January or February 2003: Dion Christopher Cameron began selling heroin to Mr. Edwards. Mr. Cameron sold 2 to 4 ounces of heroin to Mr. Edwards on three or four occasions. *Id.* ¶ 44.

- 2007: Mr. Edwards gave Eddie Christopher Perry at least 20 grams of heroin and threatened Mr. Perry in the process. *Id.* ¶ 45.

- 2007 or 2008: Mr. Edwards robbed Darryl Wright at gunpoint of $900 in drug proceeds because he was displeased that Mr. Wright distributed heroin in an area that Mr. Edwards claimed as his own. *Id.* ¶ 46.

- 2009: Mr. Edwards sold at least 1 kilogram of heroin to Mr. Cameron and 11 grams of heroin to Thomas Bethea. *Id.* ¶¶ 49, 50.

- March 2011: Mr. Edwards threatened multiple individuals who distributed drugs for Henry Lee Taylor, Jr. *Id.* ¶ 51. Mr. Taylor gave Mr. Edwards $5,000 and approximately 50 grams of heroin to pacify him. *Id.* In total, Mr. Taylor provided 850 grams of heroin to Mr. Edwards. *Id.* He later required all of Mr. Taylor's distributors to pay him $500 whenever Mr. Edwards saw them. *Id.* ¶ 52.

On August 9, 2011, the Newport News Police Department conducted a traffic stop after observing Mr. Edwards drive a vehicle without signaling. *Id.* ¶ 53. A K-9 unit alerted officers to the presence of narcotics on the scene. *Id.* An officer observed a firearm tucked into the left side of Mr. Edwards' waistband. *Id.* Officers recovered a loaded Stoeger Cougar 8000 F handgun, a loaded Bryco .38 caliber handgun, a loaded Marlin Rifle, loose marijuana residue, a grinder containing marijuana residue, and a spring-loaded switchblade during a search of Mr. Edwards' person and vehicle. *Id.*

B.  Procedural History

On August 10, 2011, a grand jury returned a one-count Indictment against Defendant Bobbie Ray Edwards and thirty-four co-defendants. Indictment, ECF No. 3. The Indictment charged Mr. Edwards with one count of Conspiracy to Distribute

and Possess with Intent to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. § 846. *Id.* On November 7, 2011, a grand jury returned a forty-count Superseding Indictment against Mr. Edwards and seven co-defendants. Superseding Indictment, ECF No. 536. The Superseding Indictment charged him with the following counts:

> Count One: Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or more of Heroine and Methadone, in violation of 21 U.S.C. § 846;

> Counts Three, Six, Seven, Eleven, Twelve, Sixteen, and Seventeen: Distribution and Possession with Intent to Distribute Heroin and Methadone, in violation of 21 U.S.C. § 841(a)(1);

> Count Twenty-Three: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c);

> Count Twenty-Four: Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g); and

> Count Forty: Witness Intimidation, in violation of 18 U.S.C. § 1512(b).

*Id.* at 1. In total, law enforcement charged thirty-seven people for offenses related to the drug conspiracy. PSR ¶¶ 7–43, 1730.

On June 11, 2012, after a five-day trial, a jury convicted Mr. Edwards on all counts. Jury Verdict, ECF 967. The Court sentenced Mr. Edwards to a total of life plus 60 months' imprisonment and 5 years' supervised release on October 19, 2012. J. at 1, 3–4, ECF No. 1051. Mr. Edwards' term of imprisonment consists of life imprisonment on Counts One and Twenty-Four; 240 months on Counts Three, Sixteen, Seventeen, and Forty; 480 months on Counts Six, Seven, Eleven, and Twelve; and 60 months on Count Twenty-Three. *Id.* Counts One, Three, Six, Seven, Eleven, Twelve, Sixteen, Seventeen, Twenty-Four, and Forty are to be served concurrently, and Count

3

Twenty-Three is to be served consecutively. *Id.* at 3. Mr. Edwards' term of supervised release consists of 5 years on Counts One, Six, Seven, Eleven, Twelve, Twenty-Three, and Twenty-Four and 3 years on Counts Three, Sixteen, Seventeen, and Forty, all to run concurrently. *Id.* at 4. Mr. Edwards filed a Notice of Appeal (ECF No. 1053) on November 2, 2012, and the Fourth Circuit affirmed the judgment of conviction on July 25, 2013 (ECF No. 1113).

On May 1, 2014, Mr. Edwards filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and a memorandum in support. ECF Nos. 1138, 1139. He later filed an amended motion on October 17, 2014. ECF Nos. 1139, 1154. This Court denied Mr. Edwards' first § 2255 motion on May 20, 2016. Order, ECF No. 1422. On December 22, 2016, the Fourth Circuit denied his request for a certificate of appealability and dismissed his appeal. ECF Nos. 1487, 1488. Finally, the Supreme Court denied Mr. Edwards' petition for writ of certiorari on June 5, 2017. ECF No. 1510.

On September 30, 2019, Mr. Edwards filed a motion under 28 U.S.C. § 2244 asking the U.S. Court of Appeals for the Fourth Circuit for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. ECF No. 1696. He later filed a motion to amend the § 2244 application. *Id.* The Fourth Circuit granted the motion to amend and denied authorization to file a successive § 2255 motion on September 8, 2021. *Id.* On May 9, 2022, Mr. Edwards filed the instant Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence. ECF Nos. 1709, 1710. On September 19, 2022, he also filed a Letter Motion for Hearing

4

Transcript requesting audio tapes from the final day of his jury trial on June 11, 2012. ECF No. 1723. The Government filed a Response in Opposition on March 27, 2023, following this Court's Order. ECF. No. 1731. Mr. Edwards filed a Reply to the Government on April 24, 2023. ECF No. 1733. The Motion is ripe for adjudication.

## II. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### A. Filing a Successive § 2255 Motion

Mr. Edwards filed a § 2255 Motion requesting that the Court vacate his conviction for Count Twenty-Four and for appointment of counsel. ECF Nos. 1709, 1710. He specifically argues that *Borden v. United States*, 141 S. Ct. 1817 (2021), invalidated his prior predicate convictions for assault with a dangerous weapon, such that he should not have been sentenced under the Armed Career Criminal Act. Mot. at 16–19, ECF No. 1710.

As a threshold matter, in order to file a successive § 2255 motion, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h). Without authorization from the Fourth Circuit, this Court lacks jurisdiction to consider a successive § 2255 motion. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); *In re Vassell*, 751 F.3d 267, 268 (4th Cir. 2014); *In re McNiell*, 68 F.4th 195, 199 (4th Cir. 2023) (noting that the statutory path for a federal prisoner to petition their conviction under a second or successive § 2255 motion is narrow by design). The Fourth Circuit's recent holding in *In re McNiell* underpins this Court's understanding that successive § 2255 motions must receive certification from the

Court of Appeals before a prisoner may seek relief in the sentencing court. *See In re McNiell*, 68 F.4th at 199; *see also Lester v. Flournoy*, 909 F.3d 708, 710–11 (4th Cir. 2018) (explaining the threshold that restricts filing an unauthorized motion). Here, Mr. Edwards fails to meet the jurisdictional threshold because he did not obtain authorization from the Fourth Circuit to file his successive § 2255 motion. Mr. Edwards filed his first § 2255 motion on May 1, 2014, which the Court denied on May 20, 2016. Order, ECF No. 1422. The certification requirement under § 2255(h) prevents Mr. Edwards from taking a "second bite of the habeas apple" without Fourth Circuit authorization. *Id.*; *Lester*, 909 F.3d at 711. Consequently, this Court lacks jurisdiction to consider the merits of his Motion.

Mr. Edwards' argument that *any* federal court can certify a successive § 2255 motion for collateral review under § 2244(b)(3)(A) is incorrect. Reply at 5, ECF No. 1733. Section 2255(h) provides that the petitioner must receive certification as provided in § 2244 to file a second or successive motion in the district court, and § 2244 clearly stipulates that the petitioner must move in the *court of appeals* "for an order authorizing the district court to consider the [successive] application." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). This Court does not have authority to certify his successive § 2255 motion.

B. Other Gatekeeping Restrictions

Additionally, Mr. Edwards argues that his Motion is proper because the Supreme Court announced a new rule of constitutional law in *Borden v. United States*. 141 S. Ct. 1817, 1834 (2021). In some instances, new evidence or a new rule of

constitutional law legitimizes a successive habeas petition. 28 U.S.C. § 2255(h)(1)–(2). Still, that determination must be made by the appropriate court of appeals. *Id.* As discussed in the prior section, Mr. Edwards did not obtain proper authorization from the Fourth Circuit to file his successive § 2255 Motion and thus the Court lacks jurisdiction to consider the Motion. The Court notes that the Government raised considerable doubts about whether Mr. Edwards would qualify under 28 U.S.C. § 2255(h) to file a successive § 2255 Motion given his lack of new evidence and the ambiguity surrounding whether *Borden* created a new rule of constitutional law that is retroactive to cases on collateral review. However, the Court declines to reach the merits of this question due to the jurisdictional bar on successive § 2255 motions.

## II. TRANSCRIPT MOTION

In the Letter Motion for Hearing Transcript, Mr. Edwards disputes the accuracy of his trial proceedings' transcription under 28 U.S.C. § 753(b). Tr. Mot. at 2, ECF No. 1723. He specifically requests audio tapes of the proceedings on June 11, 2012 because the transcript (filed at ECF No. 1082) does not include the jury instructions given by the Court. *Id.* at 2. Mr. Edwards claims that the omission of jury instructions is an "inaccuracy" in the transcript.

As an initial matter, the transcript that Mr. Edwards referenced does not include the jury instructions because the individual who ordered the transcript did not request a transcription of the jury instructions. However, the Court has determined that the stenographic notes for the proceedings in question are available. If Mr. Edwards is interested in a transcription of the jury instructions from proceedings on

June 11, 2012, or any other portion of the proceedings, he may write to the Clerk of Court for the Eastern District of Virginia at 600 Granby Street, Norfolk, VA 23510. His request should specify the exact portion of the proceedings from which he would like a transcription and may reference this Order. The Clerk will then notify Mr. Edwards of the fee for said transcription.[1] Alternatively, the Court notes that Mr. Edwards' trial counsel may have a copy of the jury instructions, which the Court read verbatim into the record. Defendant may request a copy of the jury instructions from his counsel of record as well. *See United States v. Johnson*, No. 2:08cr374, 2022 WL 4535199, at *2 (W.D. Pa. Sept. 28, 2022) (denying a defendant's request for jury instructions but noting that the defendant could request a copy of the instructions from his counsel of record).

As for the specific relief requested in Mr. Edwards's motion, to the extent audio recordings of the trial proceedings may exist, the Court finds that Mr. Edwards is not entitled to receive them. The cases cited by Mr. Edwards specifically note that a defendant is not entitled to "audiotapes that merely back up the court reporter's stenographic record." *Smith v. U.S. Dist. Ct. Officers*, 203 F.3d 440, 442 (7th Cir. 2000); *see*

---

[1] Mr. Edwards requests a "paid" copy of the records. Tr. Mot. at 2, ECF No. 1723. It is unclear whether this is intended as a request for transcription at government expense. However, the Court finds that such a request would be denied in any case. Mr. Edwards has not received permission from the Fourth Circuit to file any additional § 2255 challenges and is not otherwise entitled to a free transcript by statute. *See* 28 U.S.C. § 753(f); *see also United States v. Sepulveda*, No. 95cr75, 2010 WL 11681881, at *2 (D.R.I. Aug. 18, 2010) (denying request for free transcript and jury instructions unless defendant received a certificate from the First Circuit Court of Appeals to file a second or successive § 2255 motion); *cf. Ramey v. United States*, No. 12cr309, 2014 WL 12661574, at *1 (D. Md. Feb. 14, 2014) (denying request for transcript at government expense even with pending § 2255 motion absent particularized need).

8

*also, e.g.*, *Davey v. United States*, No. 3:12cr68, 2021 WL 4494629, at *8 (W.D.N.C. Sept. 30, 2021) (same), *appeal dismissed*, No. 21-7529, 2022 WL 7918362 (4th Cir. Oct. 14, 2022). Here, the stenographic record is available. Accordingly, the Court will deny Defendant's motion for audio tapes.

### III. CONCLUSION

For the foregoing reasons, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1710) is **DENIED**, and the Letter Motion for Hearing Transcript (ECF No. 1723) is **DENIED**. The Court **DENIES** a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure because Petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003). Petitioner is **ADVISED** that if he intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, he must forward a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty days from the date of this Order.

The Clerk is **REQUESTED** to forward a copy of this Order to Petitioner and the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

November 8, 2023
Norfolk, Virginia