UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.                                                Criminal No. 4:11cr55-10

BOBBIE RAY EDWARDS,

    Defendant.

### OPINION AND ORDER

This matter is before the Court on Defendant Bobbie Ray Edwards' ("Defendant") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and associated request for counsel. ECF No. 1766. The Court has fully considered the arguments set forth in the parties' briefs and has determined it is not necessary to hold a hearing on the motion. For the reasons discussed below, Defendant's motion for compassionate release and request for counsel are **DENIED**.

### I. BACKGROUND

Defendant was charged in a superseding indictment as a part of a heroin trafficking organization involving thirty-eight other defendants. ECF No. 1769, at 1. The indictment charged Defendant with eight counts of heroin trafficking (Counts 1, 3, 6, 7, 11, 12, 16, 17); possession of a firearm in the furtherance of drug trafficking (Count 23); possession of a firearm by a convicted felon (Count 24); and obstruction of justice (Count 40). ECF No.

536. Defendant proceeded to trial on all eleven counts, and following a five-day jury trial, was found guilty on all counts. ECF No. 967.

At the time Defendant was sentenced in 2012, he was 66 years old. ECF No. 1766, at 2. Defendant was assigned a Guideline Criminal History Category of VI and an Offense Level of 42, which corresponds to a Guideline Range of 360 months to life imprisonment, plus sixty months consecutive on the firearm offense charged in Count 23. ECF No. 1730 ¶¶ 151, 152, 153. Another judge of this Court ultimately sentenced Defendant to a term of life plus 60 months' imprisonment. ECF No. 1049. Defendant filed a timely appeal to the United States Court of Appeals for the Fourth Circuit, ECF No. 1053, and his appeal was denied, ECF No. 1113.

Two years after Defendant was sentenced, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1138. After full briefing, another judge of this Court denied Defendant's motion, ECF No. 1422, a ruling he appealed to the Fourth Circuit, ECF No. 1426. The Fourth Circuit dismissed the appeal, ECF No. 1487, and Defendant filed a petition for writ of certiorari to the United States Supreme Court, ECF No. 1504. The Supreme Court denied this petition. ECF No. 1510.

Several years later, Defendant filed another motion to vacate his sentence under § 2255. ECF No. 1710. After full briefing, another judge of this Court denied Defendant's motion, ECF No.

1736, and Defendant appealed this decision to the Fourth Circuit. ECF No. 1737. The Fourth Circuit affirmed in part and dismissed the appeal in part. ECF No. 1742. Subsequently, Defendant filed another petition for writ of certiorari to the Supreme Court, ECF No. 1758, which was also denied, ECF No. 1765.

In March of 2025, Defendant filed the instant motion for compassionate release, ECF No. 1766.[1] The Government responded, ECF No. 1769, and Defendant filed a reply, ECF No. 1770. The motion is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

A sentencing court generally lacks the authority to "modify a term of imprisonment once it has been imposed." United States v. Davis, 99 F.4th 647, 653 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). The compassionate release statute is a limited exception to this default position, providing the Court with discretionary authority to reduce a federal inmate's sentence if "extraordinary and compelling reasons warrant such a reduction." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Section 3582(c)(1)(A) does not define "extraordinary and compelling," but relies instead on a cross-reference to "policy statements" issued by the United States Sentencing Commission. See United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

---

[1] This motion was transferred from another judge of this Court to the undersigned shortly after it was filed by Defendant.

3

In 2023, the Sentencing Commission issued an amended policy statement setting forth a non-exhaustive list of circumstances which may individually or in combination create extraordinary and compelling reasons for a sentence reduction. U.S.S.G. § 1B1.13. In certain circumstances, unusually long sentences, medical circumstances, and age can qualify as an extraordinary and compelling reason to justify a sentence reduction, as can "other reasons." Id. The pertinent part of the Guideline policy statement provides:

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> (b) Extraordinary and Compelling Reasons.— Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) <u>Medical Circumstances of the Defendant</u> –
> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (B) The defendant is—
>   (i) suffering from a serious physical or medical condition,
>   (ii) suffering from a serious functional or cognitive impairment, or
>   (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

4

    (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
    (D) The defendant presents the following circumstances—
        (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
        (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
        (iii) such risk cannot be adequately mitigated in a timely manner.

(2) <u>Age of the Defendant</u> - The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) <u>Family Circumstances of the Defendant</u> . . .

(4) <u>Victim of Abuse [while in custody]</u> . . .

(5) <u>Other Reasons</u> - The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) <u>Unusually Long Sentence</u> — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant

5

> presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

Unlike the other factors listed in § 1B1.13(b) that can constitute an extraordinary and compelling reason for a sentence reduction, rehabilitation "is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement." U.S.S.G. § 1B1.13(d). However, rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id.

A defendant seeking compassionate release bears the burden of demonstrating "extraordinary and compelling" circumstances. United States v. Melvin, No. 23-6011, 2023 WL 5974872, at *2 (4th Cir. Sept. 14, 2023). If a defendant meets their burden and establishes that extraordinary and compelling circumstances exist, the Court must then consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) to determine how much of a reduction (if any) is appropriate. United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022). While some of the § 3553(a) factors may also be relevant to the extraordinary and compelling inquiry, the Court

"must conduct a two-step analysis" before granting relief. <u>United States v. Centeno-Morales</u>, 90 F.4th 274, 279 (4th Cir. 2024).

### III. DISCUSSION

Defendant advances four arguments in support of his claim that extraordinary and compelling circumstances are present: (1) his sentence is unusually long and grossly disproportionate to the sentence he would receive today due to various changes in the law; (2) his age and medical circumstances; (3) the sentencing disparities between him and his co-conspirators; and (4) his rehabilitation during incarceration and strong release plan.

### A. Unusually Long Sentence

As determined by the Sentencing Commission, an "unusually long sentence" can be an extraordinary and compelling circumstance justifying compassionate release. U.S.S.G. § 1B1.13(b)(6). A defendant is eligible for a sentence reduction under § 1B1.13(b)(6) if able to demonstrate <u>all</u> of the following: "(1) the defendant received an 'unusually long sentence;' (2) a change in the law has produced a 'gross disparity between the sentence being served and the sentence likely to be imposed' at the time of the motion's filing; (3) the defendant has 'served at least ten years of the term of imprisonment;' and (4) 'full consideration of the defendant's individualized circumstances' support a finding of extraordinary and compelling circumstances." <u>United States v. Cruse</u>, No. 3:12cr146, 2024 WL 3257142, at *3 (W.D.N.C. July 1,

7

2024) (quoting U.S.S.G. § 1B1.13(b)(6)). Defendant argues that since his sentencing there have been two changes in law that created a "gross disparity" between the sentence he is currently serving and the one he would likely receive today: (1) the First Step Act of 2018; and (2) the effect of the Supreme Court's decisions in United States v. Johnson, 576 U.S. 591 (2015) and Borden v. United States, 593 U.S. 420 (2021) on the Armed Career Criminal Act ("ACCA").

### 1. First Step Act

Defendant's first § 1B1.13(b)(6) argument asserts that because the First Step Act changed the mandatory minimum penalties for drug trafficking convictions under 21 U.S.C. § 841(b)(1)(A), if Defendant was sentenced today, he would no longer be subject to mandatory minimum of "life" on Count 1. ECF No. 1766, at 10. While Defendant is correct that "Section 401(a) of the First Step Act amended 21 U.S.C. § 841(b)(1)(A) . . . to lower the mandatory minimum sentences" for certain repeat drug offenders, United States v. Bowser, 539 F. Supp. 3d 572, 576 (E.D. Va. 2021), he is incorrect that this change in law caused a gross disparity in his sentence.

The First Step Act reduced the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 20 years to 15 years for defendants with one prior qualifying drug trafficking conviction and reduced the mandatory minimum from life to 25 years for persons

8

with two or more prior qualifying convictions. Pub. L. No. 115-391, Tit. IV, § 401(a)(2), 132 Stat. 5194, 5220. Defendant, however, does not have <u>any</u> qualifying prior drug trafficking convictions. For the Government to establish that a defendant has a prior qualifying conviction, the United States Attorney must file an information in accordance with 21 U.S.C. § 851. Notably, the Government failed to do so here. Moreover, Defendant's sentencing judge explicitly stated on the record that Count 1 had a "mandatory term of 10 years imprisonment, not more than life"; she made no mention of a mandatory minimum of life imprisonment on Count 1. ECF No. 1079, at 22.

Because Defendant was never subjected to a mandatory minimum of life imprisonment on Count 1, the changes to the First Step Act had <u>no effect</u> on Defendant's Guideline range or sentence. As there was not a change in law that produced a gross sentencing disparity, Defendant's argument premised on the First Step Act is **DENIED**.

### 2. Armed Career Criminal Act

Defendant's second § 1B1.13(b)(6) argument alleges that he would no longer be characterized as an "armed career criminal" under current law and therefore would not be subject to an elevated ACCA 15-year mandatory minimum sentence. ECF No. 1766, at 11 (citing 18 U.S.C. § 924(e)). In its current form, the ACCA requires a 15-year mandatory minimum for recidivist offenders, defined as those who: (1) have three prior state or federal

9

convictions for violent felonies or serious drug offenses; and (2) are subsequently convicted of prohibited possession of a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Because Defendant does not have any prior serious drug offenses, this Court focuses on whether Defendant has three qualifying prior violent felonies.

A violent felony is defined, in relevant part, as any crime punishable by imprisonment for a term exceeding one year, that: "has as an element the use, attempted use, or threatened use of physical force against the person of another."[2] 18 U.S.C. § 924(e)(2)(B)(i). This portion of the ACCA is known as the "elements clause." Borden v. United States, 593 U.S. 420, 424 (2021). In Borden, the Supreme Court held that for a crime to be classified as a violent felony for the purposes of the ACCA, the underlying crime must have a more culpable mens rea than negligence or recklessness. 593 U.S. at 434. In other words, crimes that have negligent and reckless mens rea cannot be classified as violent felonies, and to hold otherwise would conflict with the ACCA's purpose. Id.

---

[2] The second clause of 18 U.S.C. § 924(e)(2)(B)(ii), known as the residual clause, provides that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" may also be considered a violent felony. This clause was, as Defendant argues, held to be unconstitutionally vague by the Supreme Court in United States v. Johnson. 576 U.S. 591 (2015). Therefore, Defendant's assault with a dangerous weapon conviction, the only crime whose classification as a violent felony Defendant challenges, must qualify as a violent felony under one of the other clauses of 18 U.S.C. § 924(e)(2)(b) if the ACCA is to be found to have been properly applied to Defendant.

10

Defendant argues that in light of Borden, his assault with a dangerous weapon conviction would no longer constitute a violent felony for the purposes of the ACCA.[3] Under D.C. Code[4] § 22-402, a mens rea of recklessness is enough to support a conviction for assault with a dangerous weapon. United States v. Barnes, 855 F. App'x 893 (4th Cir. 2021) (citing Vines v. United States, 70 A.3d 1170, 1180 (D.C. 2013)). Thus, under Borden, Defendant is correct that his District of Columbia "assault with a dangerous weapon" conviction would likely no longer qualify as a violent felony. Since Defendant would now have only two qualifying violent felonies, he would no longer be subjected to a mandatory minimum sentence of 15 years' imprisonment on Count 24.

However, the ACCA's elevated mandatory minimum had no effect on Defendant's sentence. Defendant's Guidelines range, as discussed previously, was 360 months to life imprisonment. The sentencing judge ultimately sentenced Defendant at the high end of the Guidelines range. The fact that the sentencing judge had the discretion to sentence Defendant to the mandatory minimum, but chose, instead, to impose life imprisonment, supports the conclusion that the ACCA's required mandatory minimum on Count 24

---

[3] Defendant does not challenge the other crimes the Government classified as violent felonies and therefore relied on when giving Defendant armed career criminal status. ECF No. 954.

[4] Defendant was convicted of assault with a dangerous weapon in Washington D.C., therefore, the Court looks to the D.C. code to discern the elements of the crime and the required mens rea.

11

had no effect on Defendant's ultimate sentence. In sum, there have been no changes to the ACCA that caused a gross disparity between the sentence Defendant is currently serving and the one he would likely be sentenced to today. As such, Defendant's § 1B1.13(b)(6) argument premised on the modifications to the ACCA is **DENIED**.

### B. Defendant's Age and Medical Considerations

Defendant appears to advance an argument that combines U.S.S.G. § 1B1.13(b)(1) and (2), which respectively require courts to examine a defendant's medical considerations and their age to determine if either support a finding of an extraordinary and compelling circumstance. Here, Defendant argues that he is recovering from COVID-19 and suffering from "long haul" syndrome. ECF No. 1766, at 13. Defendant also notes that he is dependent upon a walker or wheelchair, participates in physical therapy, suffers from diabetes, glaucoma, and takes multiple medications. Id. In combination, Defendant argues, these factors support his compassionate release.

Beginning by assessing Defendant's claim under § 1B1.13(b)(1), Defendant fails to meet his burden and demonstrate that his medical conditions rise to the level of extraordinary and compelling. First, Defendant provides no medical documentation, or any other evidence, illustrating that he is suffering from a terminal illness, a serious physical or medical condition, a

12

serious functional or cognitive impairment, that he is experiencing deteriorating physical or mental health because of the aging process, or that he is no longer able to provide self-care within the environment of the correctional facility. ECF No. 1766, at 4; see U.S.S.G. § 1B1.13(b)(1). Nor does Defendant establish that he is suffering from a medical condition that requires long-term or specialized care that he is not currently receiving while incarcerated. Id. Instructively, other district courts in this Circuit have found it inappropriate to grant relief under this section without updated medical records, let alone no medical records. See United States v. Horton, No. CR ELH-11-547, 2025 WL 240999, at *13-14 (D. Md. Jan. 17, 2025); United States v. Kelly, No. CR RDB-19-463, 2025 WL 2062187, at *4 (D. Md. July 23, 2025). As such, the Court finds that Defendant fails to demonstrate that his medical conditions constitute an extraordinary and compelling circumstance, and his claim premised on § 1B1.13(b)(1) is therefore **DENIED**.

Defendant also appears to argue that his advanced age constitutes an extraordinary and compelling circumstance under § 1B1.13(b)(2). To begin, at 79 years old, Defendant obviously surpasses the 65-year-old age requirement outlined in § 1B1.13(b)(2). Additionally, Defendant has served at least 10 years of his term of incarceration. ECF No. 1051. Therefore, for this Court to afford relief under § 1B1.13(b)(2), Defendant must

13

demonstrate that he is experiencing a serious deterioration in physical or mental health because of the aging process. Similar to his medical considerations, outlined immediately above, Defendant fails to meet his burden. Again, Defendant does not point to any evidence in the record or provide any medical records that support the finding of a serious deterioration in Defendant's physical or mental health. Because "[a]ssessing whether a defendant is experiencing a serious deterioration in physical or mental health due to the aging process is a fact-intensive analysis," and Defendant has failed to provide medical documentation of his condition, it would be inappropriate for this Court to conclude that these unsupported assertions by Defendant are, by themselves, a sufficient basis for finding extraordinary and compelling circumstances. United States v. Garcia, 758 F. Supp. 3d 47, 55 (E.D.N.Y. 2024) (quotations omitted); see also United States v. Evins, No. 3:23cr81, 2025 WL 87959, at *7 (E.D. Va. Jan. 13, 2025) (finding that despite the lengthy list of serious medical conditions defendant was suffering from, none of the records demonstrated that they substantially diminished his ability to provide self-care in prison). Defendant's extraordinary and compelling argument arising under § 1B1.13(b)(2) is therefore **DENIED**.

### C. "Other Reasons:" Sentencing Disparity Between Co-Conspirators

Factors other than those expressly listed in the Sentencing Guidelines can constitute an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(5). To qualify under this catchall provision, the "other reasons" must, either by themselves or in combination with the circumstances enumerated in § 1B1.13(b)(1)-(4), be of a similar gravity as those already described as "extraordinary and compelling" in the Guidelines policy statement. Id. One of the "other reasons" Defendant argues is of a similar gravity to the circumstances enumerated in § 1B1.13(b)(1)-(4) is that, when compared to the sentences his co-conspirators received, Defendant was subjected to a disproportionately high sentence.

In his compassionate release motion, Defendant asserts that Henry Taylor was the leader and organizer of the drug conspiracy in which he participated and, though Mr. Taylor was more culpable than Defendant, he has already been released from incarceration. ECF No. 1766, at 12. Defendant also discusses several other co-conspirators, outlining how they were all sentenced to much shorter periods of incarceration than him and most, if not all, have already been released from prison. Id.

When a defendant is sentenced, the district court judge analyzes the 18 U.S.C. § 3553(a) factors. This requires a highly

individualized inquiry into many different facets of a defendant, their life, and their crime of conviction, including the nature and circumstances of the offense, the history and characteristics of the specific defendant, <u>and the need to avoid sentencing disparities between similarly situated defendants</u>. 18 U.S.C. § 3553(a). Here, the sentencing judge considered the sentences of each of Defendant's co-conspirators "listed in Paragraph 7 through 43 of the presentence report" and specifically noted that she "treat[s] everybody equally with similar records, regardless of whether they are rich or poor or white, black or brown." ECF No. 1079, at 44. Notably, the judge who sentenced Defendant also sentenced most of his co-conspirators, including Mr. Taylor. ECF No. 1730 ¶¶ 7-43. As such, the Court will not revisit the same facts and arguments that the sentencing judge considered in the first instance and will not substitute its own view of the sentence Defendant should have received for the one the sentencing judge actually imposed and explained. <u>See</u> <u>United States v. Henry</u>, No. CR SAG-05-0147, 2022 WL 2905057 (D. Md. July 22, 2022) (finding that a sentencing disparity between the defendant and his co-conspirators was not an extraordinary and compelling reason to revisit the sentencing judge's express determination of the appropriate sentence). Accordingly, Defendant's compassionate release request based on sentencing disparities between him and his co-defendants is **DENIED**.

## D. Defendant's Post-Sentencing Rehabilitation

Defendant's final argument highlights his rehabilitation. Defendant reasons that he has a strong release plan, community support, and has completed numerous education courses and other programming while incarcerated. ECF No. 1766, at 13; ECF No. 1766-2, at 12-23. Defendant states that this evidences significant rehabilitation and, in combination with all his other arguments, warrants a sentence reduction. Id.

To be sure, the Court commends Defendant's completion of educational courses and other programming during his long period of incarceration. However, pursuant to § 1B1.13(d), rehabilitation by itself is not an extraordinary and compelling reason supporting release. To the extent that Defendant asks this Court to consider his rehabilitative efforts at the threshold extraordinary and compelling level, the Court finds that Defendant's record while incarcerated does not materially improve his arguments in support of an extraordinary and compelling finding. Stated another way, this Court finds that because Defendant fails to establish, or come close to establishing, any extraordinary and compelling circumstances enumerated in § 1B1.13(b)(1)-(6), Defendant's rehabilitation, when coupled with these claims, does not give rise to an extraordinary and compelling circumstance, and relief on this basis is therefore **DENIED**. See Williams, 2025 WL 1284882, at *8.

17

### E. Section 3553(a) Factors

A sentence reduction is appropriate under § 3582(c)(1)(A) only if a defendant both establishes an extraordinary and compelling circumstance <u>and</u> demonstrates that the § 3553(a) statutory sentencing factors support such a sentence reduction. Here, because Defendant's motion fails at the threshold step, the Court need not address the § 3553(a) factors.

### F. Request for Counsel

Defendant's motion for compassionate release also contains a request for counsel. See ECF No. 1766, at 2. Defendant is **ADVISED** that no general right to the appointment of counsel exists for post-conviction proceedings occurring after a conviction and sentence become final. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). Furthermore, Defendant has not demonstrated why the interests of justice require the appointment of counsel prior to the resolution of his compassionate release motion. See <u>United States v. Legree</u>, 205 F.3d 724, 730 (4th Cir. 2000) (recognizing that "in some exceptional" post-conviction scenarios appointment of counsel is necessary). Defendant's request for counsel consists of one checked box on a standard compassionate release form and contains no explanation as to why appointment of counsel is necessary. ECF No. 1766, at 2. This is insufficient to demonstrate that the interests of justice support granting

Defendant court-appointed counsel. Defendant's motion for the appointment of counsel is therefore **DENIED**.

## IV. CONCLUSION

For the reasons explained above, Defendant's motion for compassionate release and request for counsel are **DENIED**. ECF No. 1766. The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 11, 2025